UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESEARCH AMERICA, INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>PETER SIMPSON, DONNA SIMPSON, AND SEGMEDICA, INC.,<br><br>　　　　　　Defendants. | CASE NO.<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>Removed from:<br>Supreme Court of the State of New York, Erie County, Index No.: 803824/2023 |

**TO:**　Clerk of the U.S. District Court for the Western District of New York:

**PLEASE TAKE NOTICE THAT** Defendants Peter Simpson, Donna Simpson, and Segmedica Inc., hereby collectively remove to this Court the state court action described herein, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1447. Pursuant to 28 U.S.C. §1446(d) and this Court's Local Rules, copies of this Notice of Removal are being served on all parties at the addresses listed in plaintiff's state court complaint and are being filed in the Supreme Court of the State of New York, Erie County.

**INTRODUCTION**

1.　On March 22, 2023, Plaintiff Research America, Inc. ("RAI") filed the complaint (the "Complaint") in the Supreme Court of the State of New York, Erie County, styled as *Research America, Inc., v. Peter Simpson, Donna Simpson, and, Segmedica, Inc.*, Index No. 803824/2023 (the "State Court Action").

2.　The State Court Action concerns an Asset Purchase Agreement (the "APA") entered into by Plaintiff RAI and Defendant Segmedica on December 30, 2020, and the

1

employment agreements (the "Employment Agreements") concurrently entered into between Plaintiff RAI and Defendants Peter and Donna Simpson. Compl. ¶¶20-29. Plaintiff has raised a series of allegations against Defendants that are governed state and federal law in connection with the APA and the Employment Agreements, and federal law claims for false designations of origin, false descriptions, and false designations of origin, false descriptions, and dilution forbidden (15 USC §1125), trademark infringement, and copyright infringement. ¶¶ 91-176.

3. With respect to the individual Defendants, Plaintiff also alleges that Defendants Donna and Peter Simpson breached their fiduciary duties, that Defendants misappropriated corporation opportunity, that Defendants Donna and Peter Simpson owe Plaintiff compensation under the unfaithful servant doctrine, that Defendants Donna and Peter Simpson are liable for tortious interference of contract. *Id.*

4. Plaintiff seeks injunctive, declaratory and equitable relief against Defendants, including an order enjoining Defendants from "engaging or participating, directly or indirectly, in any business competitive with Plaintiff, including work for non-party Fresenius; becoming interested… in any portion of the business of any person where such portion of such business is competitive with Plaintiff, including work for non-party Fresenius; soliciting, causing to be solicited, aiding in the solicitation or, calling on or transacting or engaging in any direct business activity, for a purpose competitive with the Plaintiff, including work for non-party Fresenius; soliciting any Research America, Inc. employee; using any word mark, design mark, logo or tradename confusingly similar to the PersonaSmart Mark, or any other mark owned by Plaintiff, in the United States; unfairly competing with Plaintiff by virtue of Defendants use of the PersonaSmart Mark; using, reproducing, copying, or relying upon RAI's Proprietary Information or any information, content, or data contained therein or derived therefrom; deleting, altering or

otherwise impairing any information derived from or produced based upon RAI's Proprietary information; and ordering Defendants to return all RAI's Proprietary Information to Plaintiff. *Id.*

5. Pursuant to Local Rule 81(a)(1), a completed civil cover sheet is attached hereto as **Exhibit 1**. Pursuant to Local Rule 81(a)(3), an index of all documents filed in the State Court Action is attached hereto as **Exhibit 2**, and separately tabbed copies of all documents and proceedings to date in the State Court Action are attached hereto as **Exhibit 3-32**.

## BASIS FOR REMOVAL

**I. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§1332 and 1441(b).**

6. Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this action because no defendant is a citizen of the same state as the plaintiff, and the amount in controversy is greater than $75,000, exclusive of interest and costs. This action could have been filed in this Court and is now being properly removed to this Court.

### 1. There is Complete Diversity of Citizenship Among the Parties.

7. A corporation is deemed to be a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

8. Plaintiff RAI is incorporated in the state of Pennsylvania and has its principal place of business in Delaware County, Pennsylvania. Compl. ¶1. It is therefore a citizen of the state of Pennsylvania.

9. Defendant Segmedica, on the other hand, is incorporated under the laws of the State of New York and has its principal place of business in Erie County, New York. It is therefore a citizen of the State of New York. *See* Exhibit 33.

10. A natural person is considered a citizen of the state in which they are domiciled. Defendants Peter and Donna Simpson are domiciled in Florida and are therefore citizens of the

State of Florida. *See* Exhibit 34.

11.     Hence, there is complete diversity between the Plaintiff and the Defendants in this case and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

**2. The Amount in Controversy Requirement is Satisfied.**

12.     Allegations made in a complaint are presumed true unless and until rebutted. *Scherer v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003). To determine the amount of controversy, courts must therefore examine the allegations made by the plaintiff in state court. *Id*. In addition to injunctive relief, Plaintiff's Complaint seeks a judgment granting Plaintiff statutory or actual damages, enhanced damages where available, and attorney fees.

13.     In the Complaint, Plaintiff RAI alleges it has sustained monetary damages in an amount in excess of $106,000. Compl. ¶¶ 99, 105, 111, and 126. The Plaintiff is thus seeking a judgment against Defendants for a sum well in excess of the statutory amount of $75,000, and removal via diversity jurisdiction.

**II.     Removal is Proper Because This Court Has Original Jurisdiction Pursuant to 28 U.S.C. §§1331, 1338(b) and 1441(a), and 15 U.S.C. §1121(a).**

**1. This Court has Original Jurisdiction Because the Complaint Involves a Federal Question.**

14.     District courts have original jurisdiction "of all civil actions arising under the Constitution, laws, treaties of the United States." 28 U.S.C. §1331. The federal statute further specifies that "except as provided otherwise by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

15. More specifically, in cases involving a registered trademark, U.S. district courts have original jurisdiction without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties. 15 U.S.C. §1121(a). Likewise, U.S. district courts have original jurisdiction over any civil action asserting a claim of unfair competition when joined with a substantial and related claim under trademark laws. 28 U.S.C. §1338(b).

16. In the Complaint, Plaintiff asserts a claim against Defendants Donna and Peter Simpson for false designation of origin under 15 U.S.C. §1125, and for trademark and copyright infringement under 28 U.S.C. §§1331, 1338(b) and 1441(a), and 15 U.S.C. §1121(a). *See* Compl. ¶¶ 128-137, ¶¶ 139-148. If this case is not removed, state will be required to interpret and apply Federal laws. Therefore, this Court has original jurisdiction over this case, and Defendants' request for removal should be granted.

### 2. This Court Has Supplemental Jurisdiction Over this Matter Pursuant to 28 U.S.C. § 1367(a).

17. "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In the case at bar, all claims are part of the same controversy. Thus, this Court has supplemental jurisdiction over all other claims asserted by the Plaintiff in the Complaint.

### III. Defendants Have Satisfied the Procedural Requirements for Removal.

18. The Notice of removal of a civil action or proceeding must be filed within 30 days after receipt by the defendant of a copy of the pleading setting forth the claims upon which said civil action or proceeding is based. 28 U.S.C. § 1446(b)(1).

19. Plaintiff filed the Complaint in the Supreme Court of the State of New York, Erie County on March 22, 2023 and served Defendants with the Complaint on March 27, 2023. Notice of removal of this case on April 10, 2023 is therefore timely.

20. Furthermore, an action must be removed to "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). The United States District Court for the Western District of New York does embrace Erie County, New York.

21. Additionally, as set forth above, Defendant Segmedica is a citizen of the state of New York and is therefore subject to personal jurisdiction in New York.

22. No previous application has been made for the removal requested herein.

23. Finally, this Notice of Removal does not cause undue prejudice and is not dilatory.

### Preservation of Rights and Defenses

24. All rights are reserved, including but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for failure to state a claim upon which relief may be granted and failure to sue the appropriate parties for instance. The filing of this Notice or Removal is subject to, and without waiver of, any such defenses and objections.

25. The Defendants also reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Donna Simpson, Defendant Peter Simpson, and Defendant Segmedica, Inc. respectfully give notice that the above-captioned civil action pending in the Supreme Court of the State of New York, Erie County is removed to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, 1441, 1446, and 1447, and 15 U.S.C. § 1121.

Dated April 10, 2023

                    Respectfully Submitted,
                    **AEGIS Law**

By:    */s/ Sarah Beaujour*
        Sarah Beaujour, Bar No. 5622865
        Patrick Jones
        233 S Wacker Dr, Suite 4400
        Chicago, IL 60606
        Telephone:  314/454-9100
        Facsimile:  314/454-9110
        sbeaujour@aegislaw.com
        pjones@aegislaw.com

        Kristine N. Celeste, Esq.
        Duke, Holzman, Photiadis, & Gresens LLP
        701 Seneca Street, Suite 750
        Buffalo, New York 14210
        (716) 855-1111 (phone)
        (716) 855-0327 (fax)
        kceleste@dhpglaw.com

        **Attorneys for Defendants Peter Simpson, Donna Simpson, and Segmedica Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2023, the foregoing Notice of Removal, and all exhibits thereto, were filed via this Court's electronic filing system and that copies of same were served upon all parties at the addresses listed in the Complaint:

    Justin Kloss
    Kloss Law
    jdkloss@klosslaw.com
    Attorney for the Plaintiff

Dated April 10, 2023

                                                  /s/ Sarah Beaujour
                                                  Sarah Beaujour